IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Britton C. Brown, et al., | Case No. 3:06 CV 2125 |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Owens Corning Investment Review Committee, et al., | |
| Defendants. | |

## INTRODUCTION

This matter is before this Court on Plaintiffs' Motion to Amend (Doc. Nos. 133-34) this Court's prior Order and Judgment (Doc. Nos. 131-32) pursuant to Federal Civil Rule 59(e) and Rule 52(b). The matter has been fully briefed by all parties.

Plaintiffs advance the following grounds for amendment: (1) the Court failed to rule on Plaintiffs' Motion to File a Third Amended Complaint ; (2) the Court dismissed Defendant Fidelity without any findings to support Fidelity's dismissal; and (3) the Court failed to consider evidence of concealment and other wrongful activities which would toll the three-year statute of limitations. Each argument will be addressed below.

## DISCUSSION

A motion to alter or amend a judgment under Federal Civil Rule 59(e) allows a court to "reconsider matters 'properly encompassed in a decision on the merits.'" *Ashburn v. General*

*Nutrition Ctrs.*, 533 F. Supp. 2d 770, 773 (N.D. Ohio 2008) (*quoting Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)). This Rule gives the court the "'power to rectify its own mistakes in the period immediately following the entry of judgment.'" *Id.* (*quoting White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982)). Setting aside a prior judgment is only appropriate when there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008) (internal quotation marks and citations omitted).[1]

### 1. Plaintiffs' Motion for Leave to File a Third Amended Complaint

Plaintiffs argue it was a "clear error of law" for this Court to dismiss the case without ruling on their pending Motion to File a Third Amended Complaint (Doc. No. 112). As support, Plaintiffs cite *Ellison v. Ford Motor Co.*, 847 F.2d 297 (6th Cir. 1988) (per curiam). In that case, the district court granted summary judgment for defendant while plaintiff had a motion to amend his complaint pending before the court, "without indicating whether plaintiff's motion was even considered." *Id.* at 300. The court held that "[t]he district court's failure to consider and rule on plaintiff's pending motion to amend the complaint was an abuse of discretion." *Id.* at 300-01; *see also Gresh v. Waste Servs. of Am.*, 189 F. App'x 359, 360 (6th Cir. 2006) (per curiam) ("A district court abuses its discretion when it grants a motion for summary judgment without first ruling on a pending motion to file an amended complaint."). However, in *Network Commc'ns v. Mich. Bell Tel. Co.*, 906 F.2d

---

[1] Plaintiffs also purport to base their Motion on Rule 52(b). This Court does not believe Rule 52(b) applies in this instance. Although there was no jury demand, this Court decided Defendants' Motion for Summary Judgment without making any specific findings of fact. Rather, this Court simply looked at the undisputed facts in the Record before it and applied the law pursuant to Rule 56. Regardless, the Rule 52(b) standard is the same as that for a Rule 59(e) motion. *See, e.g., Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993) (identifying the standard for granting a Rule 52(b) motion).

237, 239 (6th Cir. 1990), the court put a finer point on the holding in *Ellison* by noting that in *Ellison* the district court did not indicate whether the motion to amend was considered at all by the district court when it ruled on the motion for summary judgment.

This Court did review, and rely in part, on Plaintiffs' pending Motion to File a Third Amended Complaint as support for the Order dismissing the case (Doc. No. 131). Furthermore, "[w]hile it is certainly the better practice to specifically rule on all pending motions, the determination of a motion need not always be expressed but may be implied by an entry of an order inconsistent with granting the relief sought." *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966). By granting Defendants' Motion for Summary Judgment and entering final judgment, this Court implicitly denied Plaintiffs' pending Motion to File a Third Amended Complaint. *See Quality Tech. Co. v. Stone & Webster Eng'g Co.*, Nos. 92-5434 & 92-5628, 1993 WL 375803, at *2 (6th Cir. Sept. 23, 1993) (table).

However, this Court unfortunately chose to dismiss the Motion to File a Third Amended Complaint as "moot" when it should have dismissed the Motion as "futile." The Motion to File a Third Amended Complaint is futile because granting the Motion would not impact this Court's decision. Indeed, the proposed Third Amended Complaint parrots the Second Amended Complaint on the crucial issue of when Plaintiffs acquired knowledge of possible claims against Defendants (and also asserts a new claim that the six-year statute of repose was tolled by alleged fraud or concealment, which is discussed later). Thus, the proposed Third Amended Complaint suffered from the same deficiencies as the Second Amended Complaint. The absence of allegations in either Complaint to refute the evidence that Plaintiffs had actual knowledge of relevant facts dating back to the Owens Corning bankruptcy in October 2000 is fatal to both Complaints.

3

The argument, that this Court was required to issue an order denying Plaintiffs' pending Motion to File a Third Amended Complaint prior to issuing its summary judgment Order, is unavailing because it emphasizes form over function. This Court considered and addressed Plaintiff's pending Motion in its prior Order. To the extent this Court did not fully review and acknowledge the proposed Third Amended Complaint in its prior Order, it does so now, and amends its prior Order to explicitly find that the proposed Third Amended Complaint did not save Plaintiffs' case from summary judgment.

### 2. Dismissal of Defendant Fidelity

Plaintiffs claim it was "clear error" for this Court to dismiss Defendant Fidelity because it did not move for summary judgment. Plaintiffs are wrong. There is no procedural defect in the dismissal of Fidelity. Fidelity expressly adopted the statute of limitations defense advanced by the Owens Corning Defendants (Doc. No. 34-2, p. 2, n.1) ("Fidelity Trust believes that all claims against the Owens Corning defendants are similarly without merit, and to the extent applicable, adopts by reference the grounds for dismissal set forth in their motion to dismiss."). Plaintiffs acknowledge this as well in their own brief where they note that Fidelity adopted by reference the grounds for dismissal set forth in the Owens Corning Defendants' Motion (Doc. No. 134, p. 2) . Further, this Court explicitly included Fidelity in its earlier Order with regard to the statute of limitations defense (Doc. No. 41). Finally, oral argument on this issue reflects that the parties were well aware that this defense was being considered with respect to both Defendants (Doc. No. 129). *See, e.g., Brown v. Raymond Corp.*, 432 F.3d 640, 649 (6th Cir. 2005) (affirming dismissal where district court's order placed plaintiff on notice that court was considering summary judgment).

Moreover, Plaintiffs acknowledge that their claims against Fidelity accrued when the initial three-year limitations period expired in October 2003. Plaintiffs attempt to distinguish their failure-to-sue claims against Fidelity from their imprudent-investment claims against the Owens Corning Defendants. But this argument presents a distinction without a difference. If the dismissal of the Owens Corning Defendants is correct, dismissal of Fidelity is also correct. This is so because Plaintiffs concede that Fidelity had "actual knowledge" of any alleged ERISA violation at least by the time Plaintiffs did, and therefore the failure-to-sue claims against Fidelity necessarily accrued by October 5, 2003 (Doc. No. 134, p. 14). *See Martin v. Consultants & Administrators*, 966 F.2d 1078, 1089-90 (7th Cir. 1992) (holding a failure-to-sue claim accrues once the opportunity for defendant to bring suit expires).

In short, Plaintiffs were on notice that Fidelity, along with the Owens Corning Defendants, could be dismissed (Doc. No. 41), and Plaintiffs had a full and fair opportunity to brief the issue. *See Grand Rapids Plastics v. Lakian*, 188 F.3d 401, 407 (6th Cir. 1999) (holding that motions filed by other defendants provided losing party adequate notice that non-moving defendants could be dismissed on limitations grounds). This Court denies Plaintiffs' Motion to Amend with respect to the dismissal of Fidelity.

### 3. This Court Considered the Full Record

Plaintiffs now argue that allegations of fraud and concealment may rescue their lawsuit by tolling the statute of limitations pursuant to 29 U.S.C. § 1113. These new allegations were raised for the first time in the proposed Third Amended Complaint against Defendants Benefits Review Committee (BRC) and Richard Tober (*see* Doc. No. 112, Count IV). However, these new allegations do not open the door to the time-barred claims, and therefore this Court rejects Plaintiffs' Motion to

5

Amend on these issues. This Court has already found that Plaintiffs' awareness of facts was sufficient to establish their actual knowledge, which in turn precludes any argument that any Owens Corning Defendant fraudulently concealed a purported breach of fiduciary duty. Thus, granting leave to file the Third Amended Complaint would be, as Defendants claim, "futile" (Doc. No. 139, p. 5).

Further, with regard to Defendants BRC and Tober, Plaintiffs fail to plead any affirmative act of fraud or concealment to hide a breach of fiduciary duty, but rather argue there was a "failure to inform." For example, Plaintiffs allege Tober made misleading communications about restorative payments in the bankruptcy. These restorative payments, however, are irrelevant to Plaintiffs' claim that the Owens Corning Defendants breached fiduciary duties by not liquidating the stock fund *prior* to the bankruptcy in 2000. Restorative payments are not dependent on a breach of fiduciary duty but rather are often made for valid business purposes.

Furthermore, these restorative payments were disclosed in the bankruptcy court filings in 2000 where four of the named Plaintiffs received those payments. Here again, this knowledge by Plaintiffs came more than three years before the filing of this lawsuit.

Plaintiffs also argue that Plaintiff Lindhuber, who filed a claim against Owens Corning in bankruptcy, is entitled to a tolling of her claim because of the improper handling of her bankruptcy claim. But Lindhuber sold all her Owens Corning stock prior to bankruptcy and was not affected by the restorative payments made to other Plaintiff shareholders. Nor is her claim tolled because Owens Corning rejected her proof of claim. Her proof of claim underscores her actual knowledge of the facts. Her decision to pursue a remedy in bankruptcy court, although unsuccessful, does not negate her actual knowledge to permit pursuit of an untimely claim against Defendants.

6

**CONCLUSION**

For the above reasons, Plaintiffs' Motion to Amend is granted in part and denied in part.

IT IS SO ORDERED.

                                                   s/ *Jack Zouhary*
                                           JACK ZOUHARY
                                           U. S. DISTRICT JUDGE

                                           May 13, 2009